UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDE KURTZ, solely in her capacity as Chapter 7 Trustee for the Estate of NAMCO FINANCIAL EXCHANGE CORP.,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Corporation, ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation; AXIS INSURANCE COMPANY, an Illinois Corporation; TWIN CITY FIRE INSURANCE COMPANY, a Minnesota Corporation, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.  CV 11-07010 DMG (JCGx)<br><br>Hon. Dolly M. Gee<br>Courtroom 7<br><br>[PROPOSED] PROTECTIVE ORDER<br><br><br><br>Discovery Cutoff:    01/29/13<br>Motion Cutoff:       02/05/13<br>Trial Date:          06/04/13 |

Plaintiffs Heide Kurtz, solely in her capacity as Chapter 7 Trustee for the Estate of NAMCO Financial Exchange Corp. and defendants Liberty Mutual Insurance Company Mutual Insurance Company, Zurich American Insurance Company, AXIS Insurance Company and Twin City Fire Insurance Company (the "Parties") submit the following proposed protective order in connection with

1

LA/1854713v1

discovery proceedings in the above-captioned matter and pursuant to their Stipulation for Protective Order filed September 26, 2012.

1. Any party in the lawsuit styled *Heide Kurtz, solely in her capacity as Chapter 7 Trustee for the Estate of NAMCO Financial Exchange Corp. v. Liberty Mutual Insurance Company*, Zurich American Insurance Company, AXIS Insurance Company, Twin City Fire Insurance Company, United States District Court for the Central District of California Case No. CV 11-07010 DMG (JCGx) (the "Case"), may, by written notice, or by a statement on the record at a deposition, designate any material that the party in good faith believes to be confidential, privileged, private, commercial, financial information, or "trade secrets" as defined in California Civil Code section 3426.1[1] and incorporated herein by this reference, not previously made available to the public or the receiving party, as "Confidential" under the terms of this Protective Order.

2. The provisions of this Protective Order shall apply with the same force and effect to any non-party in this Case who provides testimony, documents, or information in such discovery proceedings and to any party in the Case who will receive such testimony, documents or information in the Case. Such non-parties may intervene in this Case to enforce the provisions of this Protective Order as if they were a party to the Case. References to a "party" or "parties" herein shall also include such non-parties who provide testimony, documents, or information in this Case.

3. Documents that contain non-public information may be designated as "Confidential" in the manner described below for materials concerning the producing party's trade secrets (as that term is define in California Civil Code

---

[1] Cal. Civil Code §3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

LA/1854713v1

section 3426.1) or other proprietary or confidential financial, operational, research and development or commercially sensitive information, information that implicates privacy rights, or information as to which the producing party otherwise has a business or legal need for confidentiality. The documents which may be designated as "Confidential" contain the following categories of information that the Parties have thus far identified as potentially requiring protection under this Protective Order:

- confidential or financial information of third parties;
- trade secret or other proprietary information regarding underwriting of the policies;
- attorney fee billing invoices;
- claims handling manuals, procedures, guides and training materials;
- underwriting manuals, procedures, guides and training materials;
- other information of non-parties, such as claim information or other personal, confidential information;
- attorney-client or work product information;
- reinsurance information;
- reserve information.

4. The foregoing categories of information may be found in any of the following types of documents, all of which may be designated as "Confidential" under this Protective Order, as appropriate:

(a) exhibits, answers to interrogatories, responses to requests for admissions and deposition transcriptions and all original written, recorded, graphic or electronic matters (and all identical and non-identical copies thereof);

(b) any copies, notes, abstracts or summaries of such information, and the information itself; or

3

LA/1854713v1

    (c)  any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information.

  5. Notwithstanding anything to the contrary in this Order, a producing party may designate as "Confidential" any information or documents previously transmitted or disclosed pursuant to a written agreement or understanding regarding the confidentiality of such information or documents, or which is/are protected as confidential or privileged by statute, rule, or regulation. Further, notwithstanding anything to the contrary in this Order, any and all billing invoices or related documents reflecting services performed by or on behalf of counsel may be designated as "Confidential," regardless of when or under what circumstances the documents were disclosed.

  6. Only non-public documents and documents not previously in the possession of the receiving party may be designated as "Confidential." Accordingly, "Confidential" materials shall not include any documents concerning information that at any time has been: (a) produced, disclosed or made available to the receiving party, the public or otherwise available for public access; or (b) disclosed in connection with any governmental public filing which could not reasonably be assumed to be or have been intended to be kept confidential. Any document concerning information that has not been preserved or maintained in a manner calculated to preserve its confidentiality shall not be designated as "Confidential."

  7. Any documents, material or information to be designated "Confidential" pursuant to this Order may be so designated by stamping or otherwise affixing on the documents, material or information the legend **"CONFIDENTIAL: *NAMCO v. Liberty Mutual, et al.,* USDC Case No. CV 11-07010"** (the "required legend") prior to their production. Documents or things which cannot be reasonably labeled pursuant to this paragraph should be so

LA/1854713v1

designated by the Producing Party by informing the receiving party in writing. Confidential information consisting of a multi-page document must contain the required legend on every page designated as confidential. In the case of a deposition transcript, transcript of a court or other related proceeding, an admission, interrogatory answer, or other discovery response, the required legend shall be stamped or affixed immediately preceding the portion of such matter as is being designated confidential.

8. If material originally produced without the required legend is subsequently designated as confidential by any party, including the party who originally produced the material, the designating party shall provide all parties with a copy of that material bearing the required legend. Upon receipt of the copy of the material bearing the legend, the receiving party shall either: (a) affix the required legend to each page of the previously non-legended copies in its possession; or (b) destroy all non-legended copies in its possession.

9. Nothing herein shall require defendants to destroy or alter documents, whether in electronic or hardcopy format, in their claim files, underwriting files, or other files or records they maintain and/or are required to maintain in the course of business.

10. In the event that a party designates all or a portion of a deposition transcript as confidential after the transcript has been produced to all parties by the reporting service, each party in possession of a copy of the transcript not previously marked as confidential shall, upon notice of a confidential designation, annex to the deposition a copy of any such notice of designation.

11. In the event counsel for the party receiving documents, material, or information designated as "Confidential" (the "receiving party") objects to such designation of any or all of such items, counsel shall within a reasonable time after receipt, advise the party producing the items (the "producing party") of such

LA/1854713v1

objections and the reasons therefore. All of the items shall be treated as "Confidential" pending a resolution of the parties' dispute. It shall be the burden of the producing party to demonstrate to the Court's satisfaction the propriety of the "Confidential" designation.

12. If any party wishes to use or inquire at any deposition concerning documents, material, or information designated as "Confidential" the portion of the deposition transcript that relates to such documents, material, or information shall be designated and treated as "Confidential" and subject to this Order. Further, any party may designate any additional portion of deposition testimony in this Case "Confidential" no later than fifteen (30) days after receipt of the deposition transcript, subject to the provisions of paragraphs 5 and 6, above.

13. Documents or material (including portions of deposition transcripts) designated as "Confidential" or information derived solely therefrom, may only be disclosed or made available by the party receiving such information to "Qualified Persons," who, in the case of documents, material or information designated as "Confidential" are defined to consist solely of:

    (a) The Court and any trier or finder of fact, such as the members of a jury impaneled in this action (at any trial or oral hearing and in the manner provided by paragraph 15 hereof);

    (b) Counsel (including "in-house" counsel) for the parties in this Case and the paralegal, clerical (including data entry and IT personnel) and secretarial staff employed by such counsel;

    (c) Court reporters, videographers or similar personnel;

    (d) Any party's witness during the course of that witness' deposition or testimony in court;

    (e) Experts and/or advisors consulted by the parties or their counsel in connection with this Case, whether or not retained to testify

LA/1854713v1

at trial; <u>provided</u> <u>that</u> prior to any such disclosure counsel for the party making the disclosure shall deliver a copy of this Protective Order to the expert and/or advisor, shall explain its terms to the expert and/or advisor, and shall secure the signature of the expert and/or advisor on a letter in the form attached hereto as Exhibit A;

(f) Corporate representatives selected by the corporate parties to this litigation;

(g) Reinsurers and auditors; and

(h) Any other person as to whom the producing party agrees in writing prior to disclosure.

14. Documents and materials designated as "Confidential" and information derived solely therefrom shall be used by the parties and their counsel only for the purposes of preparing for and acting in this Case. Documents and materials designated as "Confidential" and information derived solely therefrom shall not be used by the parties or their counsel except as expressly permitted herein. Moreover, any document containing summary or recitation of any part of the content of a "Confidential" document or of confidential information also shall be deemed to be a "Confidential" document and have the required legend affixed to it, and subject to all of the protections and restrictions in this Protective Order.

15. No copies shall be made of any "Confidential" document except as deemed reasonably necessary in this Case. Any and all "Confidential" documents shall be kept in secure, segregated facilities and access to those facilities shall be permitted only to Qualified Persons. Counsel for each party shall take such steps as they reasonably believe are appropriate to advise those persons employed or retained in clerical, stenographic or ministerial functions of the restrictions upon dissemination of "Confidential" documents provided by this Protective Order.

LA/1854713v1

16. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained lawfully by such party or witness independently of the discovery proceedings in this Case, or from a source independent of the producing party, whether or not such documents or information are also obtained from the producing party through discovery in this Case, except as stated in paragraph 4 above.

17. Nothing contained herein shall constitute a waiver of or otherwise restrict a party's right to propound discovery or object to discovery of or use of any documents or information in this Case. Nothing contained herein shall constitute a waiver by a receiving party of the right to object to the designation of documents, materials, or information as "Confidential."

18. A Party that seeks to file under seal any documents and material designated as "Confidential" must comply with Civil Local Rule 79-5 and this Court's Standing Orders. In lieu of this procedure, the designating and filing parties may agree to file a redacted version of the documents or material designated as "Confidential".

19. All Court orders will be presumptively available to the public. Therefore, if a party files any evidence, motion or other papers under seal pursuant to this Protective Order, all papers that refer to or rely upon such evidence shall designate the particular aspects that are confidential. By so designating, the parties will enable the Court, in drafting orders, to determine whether there is evidence which the Court should attempt not to disclose. Absent such advance notification, the Court will be free to incorporate all such evidence in its written and oral rulings.

20. If any party wishes to use documents and materials designated as "Confidential" at Trial, any such documents and materials that were designated as "Confidential" and/or kept and maintained pursuant to the terms of this Protective

LA/18547l3vl

Order will become public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

21. Each non-lawyer given access to documents, material or information designated "Confidential" pursuant to the terms hereof shall be advised that the documents, material, or information are being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof.

22. Complying with the terms of this Protective Order shall not:
   (a) operate as an admission by any party that any particular documents, material, or information contain or reflect currently valuable proprietary or commercial information; or
   (b) prejudice in any way the right of a party at any time;
       (i) to seek a determination by the Court of whether any particular documents, item of material, or piece of information should be subject to the terms of this Protective Order;
       (ii) to seek modifications of this Protective Order;
       (iii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein; or
       (iv) to seek relief on appropriate notice from any provision(s) of this Protective Order, either generally or as to any particular documents, item of material, or piece of information.

LA/1854713v1

23. Upon termination of the above-captioned Case (i.e., after final judgment is entered and all appeal periods have expired or appeals been finally decided, or after final resolution of the Case by settlement), or at any time thereafter, the party who produced or designated information or documents "Confidential" may request the destruction, or return to counsel for the producing or designating party, of all documents and/or material designated as "Confidential" and all copies thereof. The receiving party shall make all reasonable efforts to ensure that it has retrieved all material subject to the request and has destroyed or returned (as requested) all such materials, except that outside counsel for each party may maintain in its files pleadings, briefs, and other documents filed with the Court and official deposition transcripts and exhibits, as well as any work-product or attorney-client privileged communications regarding such documents and/or information, and such documentation required to be maintained by corporate guidelines and/or applicable law, provided that all such documents and/or information will otherwise remain subject to the terms of this Protective Order. The prohibitions of this Protective Order which restrict the disclosure and use of "Confidential" materials shall continue to be binding upon a party and the party's outside counsel to the extent that the party (and/or the party's outside counsel) retains any such "Confidential" documents or materials and and/or copies thereof. The Court shall retain jurisdiction following the resolution of the Case to enforce the terms of this Protective Order.

24. All documents, material, and information designated as "Confidential" may only be used by the parties to this Case, and Qualified Persons, subject to the rights of any party to raise any other objections to the use of such discovery material.

25. Disclosure (including production) of information that a Party or non-party later claims should not have been disclosed because of a privilege, including,

LA/1854713v1

but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not automatically constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work-product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding. This Order is intended to provide the full protection afforded by Federal Rule of Evidence 502(d), providing that "A Federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which even the disclosure also is not a waiver in any other Federal or State proceeding." Upon discovery by a Producing Party (or upon receipt of notice from another Party) that he/she/it may have produced Privileged Information, the Producing Party shall, within ten (10) days of such discovery, request the return of such information in writing by identifying the Privileged Information and stating the basis for withholding such information from production. After being notified, all other Parties must return, sequester, or destroy the Privileged Information and any copies he/she/it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if he/she/it disclosed the Privileged Information before being notified. If any Party disputes the privilege claim ("Objecting Party"), that Objecting Party shall notify the Producing Party of the dispute and the basis therefore in writing within ten (10) days of receipt of the request for the return of the Privileged Information. Except as expressly set forth herein, nothing in this provision shall limit the bases on which the Objecting Party may challenge the assertion of any privilege or protection by the Producing Party. The parties shall thereafter meet and confer in good faith regarding the disputed claim within ten (10) days. In the event that the Parties do not resolve their dispute, either Party may bring a motion for determination of whether a privilege applies. The Producing Party must preserve

LA/1854713v1

the information until the claim is resolved. If the claim of privilege is not disputed or resolved in favor of the Objecting Party, then all other Parties will return or destroy the privileged document.

26. The Court is not bound by the terms of this Protective Order, and this Protective Order may be modified by subsequent Order of the Court, and the parties may seek such modification.

27. This Court shall retain jurisdiction over all persons subject to this Protective Order for the purposes of enforcing this Protective Order.

IT IS SO ORDERED.

Dated: September 28, 2012

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

By: _____
Hon. Jay C. Gandhi
U.S. Magistrate Judge

LA/1854713v1

# EXHIBIT A

## LIMITED SPECIAL APPEARANCE AND AGREEMENT FOR ACCESS TO CONFIDENTIAL DOCUMENTS AND INFORMATION

I hereby acknowledge and affirm that I have read the terms and conditions of the Protective Order entered by the Court in the above-captioned Proceeding on the _____ day of _____. I understand the terms of the Court's Order and under oath consent to be bound by the terms of the Court's Order as a condition to being provided access to confidential documents and information furnished by _____. By executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms of the Court's Protective Order.

I hereby declare under the penalty of perjury under the laws of the United States of America that the above statements are true and correct.

Dated:_____     By:_____
                          Name:_____
                          Title:_____
                          Affiliation:_____
                          Address:_____

LA/1854713v1